IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

_____

| | |
|---|---|
| Courtroom Deputy: Julie Dynes | Date: January 30, 2015 |
| Court Reporter:    Gwen Daniel | Probation: Michelle Means |

_____

Criminal Action No.  12-cr-00048-2-WJM         <u>Counsel:</u>

UNITED STATES OF AMERICA,                      Susan Knox

    Plaintiff,

v.

2.  ANDREW BARTHOLOMEW,                        Darlene Bagley Comstedt

    Defendant.

_____

## COURTROOM MINUTES
_____

HEARING - SENTENCING

2:01 pm.     Court in Session

Appearances of counsel.

Defendant is present and in custody.

Oath administered to the defendant.

The Court outlines the history of the case.

Summary of sentencing recommendation by Ms. Knox.

Summary of sentencing recommendation by Ms. Bagley.

The Court addresses the defendant's Objections to Presentence Investigation Report

1

[458] and the RESTRICTED Supplement to Objections to Presentence Investigation Report [801].

**ORDERED:** **Pursuant to Rule 32, no formal ruling is necessary on the defendant's objection to the factual characterization of him in the additional information section of the PSIR.**

**The defendant's objection to the warrantless search provision of supervised release is OVERRULED.**

**The defendant's objection to the association with gang members provision of supervised release is OVERRULED.**

**The defendant's other objections and clarifications in document [458] are either MOOT or no ruling is necessary pursuant to Rule 32.**

**The defendant's objection as to identification as a documented gang membered is OVERRULED as MOOT.**

**The defendant's objection as to failure to include individualized determination of drug quantity attributable to the defendant will be addressed during argument on [805] Defendant Andrew Bartholomew's Motion for Sentence Pursuant to 18 U.S.C. § 3553(a).**

The Court addresses Government's Motion Regarding Acceptance of Responsibility (Doc No. 468), Government's Motion to Dismiss Count 28 of the Indictment as to Defendant Andrew Bartholomew [469] and Defendant Andrew Bartholomew's Unopposed Motion for Two Level Reduction of Base Offense Level [743].

**ORDERED:** **There being no objection, Government's Motion Regarding Acceptance of Responsibility (Doc No. 468), Government's Motion to Dismiss Count 28 of the Indictment as to Defendant Andrew Bartholomew [469] and Defendant Andrew Bartholomew's Unopposed Motion for Two Level Reduction of Base Offense Level [743] are GRANTED.**

Specific facts of this case outlined by the Court.

The Court addresses Defendant Andrew Bartholomew's Motion For Downward Departure Pursuant to U.S.S.G. § 4A1.3, and Sentencing Memorandum [476] and Supplement to Defendant Andrew Bartholomew's Motion For Downward Departure Pursuant to U.S.S.G. § 4A1.3, and Sentencing Memorandum [480].

Argument given.

**ORDERED:** **Defendant Andrew Bartholomew's Motion For Downward Departure Pursuant to U.S.S.G. § 4A1.3, and Sentencing Memorandum [476] and Supplement to Defendant Andrew Bartholomew's Motion For Downward Departure Pursuant to U.S.S.G. § 4A1.3, and Sentencing Memorandum [480] are GRANTED.**

The Court addresses Defendant Andrew Bartholomew's Motion for Sentence Pursuant to 18 U.S.C. § 3553(a) [805].

Argument given.

Statement by the defendant.

**ORDERED:** **Defendant Andrew Bartholomew's Motion for Sentence Pursuant to 18 U.S.C. § 3553(a) [805] is DENIED.**

> Defendant plead guilty to Count One of the Indictment and admitted to the forfeiture allegation in the Indictment on January 24, 2013.

**ORDERED:** **Pursuant to the Sentencing Reform Act of 1984, it is the judgment of this Court that the defendant Andrew Bartholomew is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 120 months.**

**In serving this term of incarceration the Court recommends that the Director of the Bureau of Prisons give defendant full credit for his time served in pretrial detention.**

**The Court also recommends that the defendant be incarcerated at a facility appropriate to his security designation located within the District of Colorado.**

**The Court recommends that the Bureau of Prisons designate an institution for the defendant with a Residential Drug Abuse (RDAP) or comparable substance abuse Program, and that the defendant take advantage of such a program during his imprisonment.**

**ORDERED:** **Upon release from imprisonment defendant is placed on supervised release for a term of five years.**

**Within 72 hours of release from the custody of the Bureau of Prisons the defendant must report in person to the probation office in the**

>district to which the defendant is released.
>
>While on supervised release the defendant shall not commit another federal, state or local crime, shall not possess a firearm as defined in 18 U.S.C. § 921, and defendant shall comply with the standard conditions adopted by this Court.
>
>The defendant shall not unlawfully possess and shall refrain from unlawfully using a controlled substance.  The defendant shall submit to one drug test within 15 days of release on supervised release and two periodic tests thereafter.
>
>The defendant shall cooperate in the collection of DNA as directed by the probation officer.

**ORDERED:** Special Conditions of Supervised Release:

> 1. The defendant shall participate in and successfully complete a program of testing and/or treatment for substance abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer.  The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.
>
> 2. The defendant shall submit his person, property, house, residence, papers, or office, to a search conducted by a U.S. Probation Officer.  Failure to submit to search may be grounds for revocation of supervised release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.
>
> 3. The defendant shall not associate with or have contact with any gang members nor shall he participate in any gang activity, to include displaying gang paraphernalia.

**Pursuant to Rule 32.2 of the Fed. Rules of Crim. P. and the defendant's admission to the forfeiture allegation in the Indictment the defendant shall forfeit to the United States any and all property, real or personal, derived from proceeds from**

**the instant offense and as stipulated to in the Plea Agreement.**

**ORDERED: The Special Assessment fee of $100.00 is imposed, due and payable immediately.**

**ORDERED: Defendant has no ability to pay a fine, and the fine is waived.**

The defendant is advised of his right to appeal both his conviction and the sentence imposed except in very limited circumstances.

**ORDERED: Defendant is REMANDED to the custody of the U.S. Marshal.**

3:56 p.m.     Court in Recess
Hearing concluded.
Total time in Court:  1:55